UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAHRES DRIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-268 CAS |
| ) | |
| REAL TIME SOLUTIONS, INC.; STATE ) | |
| COLLECTIONS SERVICE, INC.; ) | |
| EXPERIAN INFORMATION SOLUTIONS ) | |
| INC., and TRANS UNION, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Defendant State Collection Service, Inc.'s[1] ("State Collection") Motion to Remand this case to the Circuit Court of St. Louis County, Missouri, Associate Circuit Division.[2] For the reasons that follow, the Court will grant State Collection's Motion to Remand.

**I.      Background**

Plaintiff Mahres Driver filed suit in the Circuit Court of St. Louis County, Missouri, Associate Circuit Division. This is an action for statutory damages for alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, et seq., and of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. Defendant Experian Information Solutions, Inc. ("Experian") removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). State Collection did not consent to Experian's removal and filed the present Motion to Remand. Experian filed a

---

[1] This Defendant was named in the Petition as "State Collections Service, Inc." The Court will refer to this Defendant by the name it uses in the Motion to Remand.

[2] The Court notes that although Defendant State Collection's Motion to Remand correctly states that this case was removed from the Twenty-First Judicial Circuit Court, Associate Circuit Division, State of Missouri (St. Louis County), Mot. ¶ 1, it asks that the case be remanded to the "Twenty-Second Judicial Circuit, St. Charles County Circuit Court, Associate Circuit Division." The Court will construe this request as a drafting error.

response to State Collection's Motion to Remand stating that it has no objection to remanding the case to state court.

## II.     Discussion

This Court has subject matter jurisdiction over cases removed from state court to the extent that this Court could have had original jurisdiction over the action.  See 28 U.S.C. § 1441(a) (2012).  Federal question jurisdiction exists if the plaintiff's action "arises under" the laws of the United States.  See 28 U.S.C. § 1331 (2012).  Removal is authorized by 28 U.S.C. § 1441 and governed by 28 U.S.C. § 1446.  Where there are multiple defendants, all must consent to removal within thirty days after being served with the initial pleading.  Couzens v. Donohue, 854 F.3d 508, 513-14 (8th Cir. 2017); 28 U.S.C. § 1446(b)(2)(A).  After removal, a non-removing party may file a motion to remand the case "on the basis of any defect other than lack of subject matter jurisdiction … within 30 days after the filing of the notice of removal under section 1446(a)."  See 28 U.S.C. § 1447 (2012).  "[T]he failure of one defendant to consent renders the removal defective."  Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008).

Here, State Collection has timely objected and does not consent to removal to this Court, rendering the removal defective under 28 U.S.C. § 1446(b)(2)(A).  Because all Defendants did not join in the Notice of Removal or consent to remove this case and a timely motion to remand was filed, the Court must remand the case to State Court.

Accordingly,

**IT IS HEREBY ORDERED** that State Collection's Motion to Remand is **GRANTED**. [Doc. 11].

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 6<u>th</u> day of April, 2018.